**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON WHO SUBSCRIBE TO CERTIFICATE NOs. BDKU4616991/BCAN06026, | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:08-CV-02482-RWS : |
| v. | : : |
| ARON BELU, d/b/a EXPRESS AUTO TRANSPORT, | : : : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Dismiss and Motion for Partial Judgment on the Pleadings [8], Plaintiffs' Motion In Limine to Exclude the Testimony of Defendant's Expert Dave Brown and David McIntosh [29], Defendant's Motion for Partial Summary Judgment [32], Plaintiffs' Motion for Summary Judgment [33], and Plaintiffs' Motion to Strike Affidavits in Support of Defendant's Motion for Partial Summary Judgment [35], and Plaintiffs' Motion to Strike Affidavits Given in Support of

Defendant's Response to Plaintiffs' Motion for Summary Judgment [43]. After a review of the record, the Court enters the following Order.

## **Background**[1]

Plaintiffs, Those Certain Underwriters at Lloyd's London Who Subscribe to Certificate Nos. BDKU061690/BCAN06026, initiated this Complaint arising from an insurance policy to provide Defendant Aron Belu d/b/a Express Auto Transport ("Express Auto") with motor truck cargo coverage for the period of January 8, 2007 through January 8, 2008 ("Policy").[2]

---

[1]The Court makes no findings with regard to the facts stated herein, which are drawn primarily from Plaintiffs' Complaint [1] and Defendant's Answer [5].

[2]The Policy coverage provides in relevant part:
INSURING AGREEMENT
    In consideration of the premium paid hereon and the particulars and statements contained in the written Proposal, a copy of which attaches hereto, which particulars and statements are warranted by she insured to be true and are agreed to be incorporated herein, the Underwriters hereby agree to indemnify the Insured, named in the schedule, for ALL RISKS OF PHYSICAL LOSS OR DAMAGE FROM AN EXTERNAL CAUSE t o lawful cargo in and/or on a truck whilst in the Insured's care, custody or control in the ordinary course of transit, including loading and unloading, within the contiguous states of USA, the District of Columbia and Canada . THIS INSURANCE BRING SUBJECT TO ALL THE PROVISIONS, EXCLUSIONS, DEFINITIONS, TERMS AND CONDITIONS CONTAINED IN THE FOLLOWING WORDING.
    ...

EXCLUSIONS
    This insurance does not insure the liability of the Insured for : -
    e) Loss or damage caused by spoilage, contamination, deterioration, freezing,

2

On December 5, 2007 an Express Auto Transport tractor trailer unit

> rusting, electrical and/or mechanical failure, and/or damage to refrigerated and/or temperature controlled cargo
> UNLESS CAUSED BY OR RESULTING FROM:
> 1) Fire, lightning, or explosion-
> 2) Accidental collision of the truck with any other vehicle or object
> 3) Overturning of the truck
> 4) Collapse of bridges or culverts
> 5) Flood (meaning rise of streams or navigable water)
> 6) Cyclone, tornado, hurricane or windstorm
> 7) Theft
> 8) Stranding, collision, burning, grounding or sinking of ferry while truck on board
> ...
>
> GENERAL CONDITIONS
> 4) SPECIAL CONDITION - It is a condition precedent to Underwriters, liability under this policy that satisfactory references are obtained from reliable sources, checked and records kept in respect of all new employees engaged by the Insured after the inception date of this policy. The Insured shall take all reasonable precautions for the protection and safeguarding of the cargo and use such security devices as may be specified in the proposal form, and all vehicles, trailers, containers and security devices shall be maintained in good order. Such devices shall be used at all times and shall not be varied or withdrawn without written consent by the underwriters.
> ...
>
> 6) CO-INSURANCE - Underwriters shall not be liable for a greater proportion of any loss or damage to the total value of all merchandise than the amount of the applicable insurance bears to the total value at the time and place of the loss. This clause shall apply separately to merchandise in transit and at a terminal location.
> ...
>
> 17) VALUATION - The valuation of all goods and merchandise covered by this part shall not exceed the invoice value of that merchandise at the point of shipment on the date of loss, or if there is no invoice, then the valuation shall not exceed the actual cash value of that merchandise.

3

hauling a consolidated load of nine passenger vehicles caught fire. Plaintiffs allege that the fire originated on the rear wheel and hub assembly of the right rear trailer axle, due to heat generated from a failed wheel bearing. The estimated value of the eight damaged vehicles was $244, 376.40. On May 5, 2008, a lawsuit was filed by Vu Le, one of the involved shippers, against Express Auto in the Superior Court of Orange County, California in which Vu Le sought to recover for damage to two (2) motor vehicles as a result of the fire loss ("Vu Le Action"). Defendant subsequently contacted Plaintiffs requesting coverage under the Policy and a defense to the lawsuit.

On August 1, 2008, Plaintiffs filed the suit herein seeking a declaratory judgment as to the listed causes of action. In Count I, Plaintiffs seek a declaration from the Court that there is no coverage owed and no duty to defend or indemnify Express Auto under the Policy.[3] Additionally, in Count II,

---

[3] With respect to the duty to defend, the Policy provides in relevant part:
9) PRIVILEGE TO ADJUST WITH OWNER

In the event of loss or damage to property of others held by the insured for which claim is made upon the Underwriters the -right to adjust such loss or damage with the owner or owners of the property is reserved to the Underwriters and the receipt of such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the insured for which such payment has been made- If legal proceedings be taken to enforce a claim against the Insured as respects any such loss or damage, the Underwriters reserve the right at their option without expense to the Insured, to conduct and control the defense on behalf of and in the name of the Insured, No action

4

Plaintiffs request that the Court declare that to the extent coverage is owed under the Policy as a result of the December 5, 2007 fire loss, Plaintiffs' liability for the cargo loss is limited to $237,500.

Defendant filed a timely Counterclaim seeking recovery for attorneys' fees associated with the defense of the Vu Le Action, indemnification for the loss of the vehicles on December 5, 2007 in the amount of $244,376.40, and associated costs/ interest. (Dkt. No. [5] at 17.)

## Discussion

**I.  Motion to Dismiss and for Partial Judgment on the Pleadings**

Plaintiffs have filed a motion to dismiss Defendant's counterclaim and for partial judgment on the pleadings with respect to their obligation to defend Express Auto.

### A.  Motion to Dismiss Counterclaim

Plaintiffs contend that Defendant's counterclaim seeking indemnification fails to state a claim upon which relief may be granted and therefore must be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. [8] at 4.)

---

of the Underwriters in such regard shall increase the liability of the Underwriters under this policy, nor increase the limits of liability specified in the policy.

5

In support, Plaintiffs argue that Express Auto fails to assert any factual basis for its contention that the insurance Policy provides coverage for the loss. (Id.) In response, Defendant first contends that since the fire originated in the trailer's wheel bearing, the cause of the fire was "external" to the insured property contained in the trailer and the loss must be covered under the Policy. (Dkt. No. [14] at 5.) Plaintiffs state that the Policy only covers cargo losses that are deemed fortuitous. (Dkt. No. [15] at 5; see e.g., Sipowicz v. Wimble, 370 F. Supp 442, 448 (S.D.N.Y. 1974) (holding that a loss to cargo due to the defective condition of a vessel at sea was not a fortuitous event and therefore not covered under the policy.))

Defendant further contends that an issue of fact remains as to maintenance of the trailer and whether coverage exists if the loss was caused by a fire resulting from mechanical failure. (Dkt. No. [14] at 6.) Plaintiffs argue that an unambiguous reading of the contractual language of the Policy demonstrates that damage to cargo is an excluded cause of loss unless mechanical failure is caused by one of the insured perils, namely fire. (Dkt. No. [15] at 7.) Here, Plaintiffs contend that the fire originated on the rear wheel and hub due to heat generated from a failed wheel bearing. (Id.) Plaintiffs argue an

6

important distinction: the fire resulted from the mechanical failure; it did not cause the mechanical failure. (Id.) According to Plaintiffs, coverage must be denied under the Policy, and Defendant is not entitled to indemnification.

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 ) (2009). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." (Id. at 1965). The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply

calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." (Id.)

As Plaintiffs seek to dismiss the counterclaim, the Court must draw all reasonable inferences in the light most favorable to the Defendant. In doing so, the Court finds that Defendant has demonstrated more than a mere speculation regarding a claim for indemnification. The cause of the fire remains disputed along with the maintenance condition of the trailer and the coverage interpretation of the Policy. (See Answer, Dkt. No. [5] at ¶¶ 11, 24, 25.) The Court finds that Defendant has stated sufficient factual allegations to overcome the standard set forth in Twombly. Accordingly, Plaintiffs' Motion to Dismiss the Counterclaim is **DENIED**.

### B. Motion for Partial Judgment on the Pleadings

Plaintiffs further seek judgment on the pleadings with respect to their obligation to provide Express Auto with a defense in litigation arising from the loss. (Dkt. No. [8] at 5.) In support of their position, Plaintiffs point to language in the Policy which states that "Underwriters reserve the right at their option" to conduct and control the defense on behalf of the insured. (See Exhibit B to Complaint, Dkt. No. [1] at 8.) Plaintiffs contend that such

8

language creates a right, but not an obligation to defend Express Auto. See M.H. Lipiner & Sons, Inc. v. Hanover Ins. Co., 869 F. 2d 685, 688 (2nd Cir. N.Y. 1989) (holding that a policy containing similar language regarding the right to defend did not create an obligation); Centennial Ins. Co. v. Transitall Servs., Inc., No. 00C1383, 2001 WL 289879, at *3 (N.D. Ill.2001) (stating that, "the plain language of the policy states that [the insurance company] has the right, which is clearly distinguishable from the duty, to settle and provide a defense.")

Defendant relies on "duty to defend" cases in Georgia for the proposition that the "duty to defend is inherent in any insurance contract, based simply on whether there is coverage for the asserted claim." (Dkt. No. [14] at 3; see e.g. Penn-America Ins. Co. v. Disabled American Veterans, Inc., 224 Ga.App. 557, 563, 481 S.E.2d 850 (1997); Elan Pharmaceutical Research Corp. v. Employers Ins. of Wausau, 144 F.3d 1372, 1375 (11th Cir. 1998).) Defendant argues that as the underlying loss would be covered under the Policy, Plaintiffs must defend Express Auto in any arising litigation. (Id.) However, in the cases cited by Defendant, the relevant policies stated that the insurer has the "right and

9

duty to defend". (Penn-America Ins. Co., 481 S.E. 2d at 851 (1997); Elan, 144 F. 3d at 1375 (11th Cir. 1998)).

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c); see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

The Court finds that the unambiguous language of the policy plainly means that the insurer has the option not to provide a defense. Despite Defendant's contentions that the litigation alleges facts covered by the Policy, Plaintiffs remain under no obligation to defend Express Auto. See East Fla. Hauling, Inc. v. Lexington Ins. Co., 913 So. 2d 673, 678 citing Centennial, 2001 WL 289879, at *3 (stating that "even when the complaint in the

10

underlying lawsuit alleges facts within the coverage of the policy, if the policy confers on the insurer only a right to defend, the insurer is not obligated to defend the insured.") Accordingly, Plaintiffs' Motion for Partial Judgment on the Pleadings as to the duty to defend is **GRANTED**. The Court declares that Plaintiffs owe no duty to defend Express Auto for any liability alleged or incurred in the December 5, 2007 loss.

## II.     Motions to Strike

At this time, several motions by Plaintiffs to exclude testimony presented by the Defendant are ripe for the Court's review. Plaintiffs have filed a motion in limine to exclude the testimony of Defendant's experts as well as motions to strike expert and witness affidavits. As an initial matter, the Court notes that a motion to strike, codified by Federal Rule of Civil Procedure 12(f), is only a proper mechanism for challenging pleadings, such as complaints, answers and court-ordered replies to answers. Fed. R. Civ. P. 7(a); see FTC v. Nat'l Urological Group, Inc., No. 1:04-CV-3294-CAP, 2008 U.S. Dist. LEXIS 44145, at *10 (N.D. Ga. June 4, 2008)("The courts in this district have repeatedly found that it is improper to strike an affidavit attached to a summary judgment brief.") citing Lentz v. Hospitality Staffing Solutions, LLC, No. 1:06-

11

cv-1893-WSD, 2008 U.S. Dist. LEXIS 6291, at *30 (N.D. Ga. Jan. 28, 2008). Rather, the proper vehicle for challenging such an affidavit is to "challenge the admissibility of the evidence contained in the affidavit." Id. Notwithstanding such error, the Court looks to the merits of Plaintiffs' motions.

### A. Experts Dave Brown and David McIntosh

Plaintiffs first move in limine to have the Court exclude the testimony of Defendant's experts, Dave Brown and David McIntosh on the basis of untimely disclosure. (Dkt. No. [29].) Plaintiffs contend that Defendant failed to disclose these experts until the final day of the amended discovery period. (Id. at ¶4.) Plaintiffs claim that such late disclosure violates Federal Rule of Civil Procedure 26(a)(2) setting forth the requirement for expert disclosure, as well as Local Rule 26.2 requiring that experts be designated "sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery." (Id.; L.R. 26.2.)

In response, Defendant argues that the late disclosure of the experts arose out of a need for rebuttal testimony due to an alleged modification of Plaintiffs' theory regarding the cause of the fire. (Dkt. No. [31] at 4-6.) Defendant's

12

experts are rebuttal witnesses being offered to opine on the alleged negligent maintenance of the trailer at issue. (Id. at 5.)

Plaintiffs next argue that the Court should exclude Mr. McIntosh's affidavit in support of Defendant's Motion for Partial Summary Judgment [32] and Defendant's Response to Plaintiffs' Motion for Summary Judgment [37] based on a lack of personal knowledge and relevance. (Dkt. Nos. [35][43].) Plaintiffs contend that Mr. McIntosh's opinions regarding the maintenance of the trailer and the cause of the fire are not based on his personal inspection, but rather on generalized information and "pure conjecture". (Id. at 6.) Such testimony violates Federal Rule of Civil Procedure 56(e) requiring all supporting and opposing affidavits be made on personal knowledge. Further, Plaintiffs argue that since the issue before the Court is the interpretation of the insurance Policy, Mr. McIntosh's testimony regarding the vehicle maintenance is irrelevant.

In response, Defendant asserts that Mr. McIntosh is personally familiar with the trailer involved in the civil action herein, has significant expert experience with the operation and maintenance of such vehicles, and has reviewed the written report and photographs taken by Plaintiffs' expert witness.

13

(Dkt. No. [40] at 6.) Under Daubert, such familiarity is sufficient to offer opinions regarding the maintenance of the trailer and the likelihood of various causes of the fire. (Id. citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592, 113 S.Ct. 2786, 2796 (U.S. Cal., 1993) stating, "[A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.") Furthermore, since a pivotal issue in the case is coverage under the insurance Policy, the cause of the fire and Mr. McIntosh's opinions pertaining thereto are relevant. (Id. at 7.)

As an initial matter, Defendant states that, barring the unforseen unavailability of David McIntosh, the testimony of expert Dave Brown is not needed. (Id. at FN3.) Accordingly, at this time, Plaintiffs' request for the exclusion of Dave Brown's testimony [29] is **DENIED as moot**.

As to the testimony of David McIntosh, the Court finds that the untimely disclosure of the witness is substantially justified under Federal Rule of Civil Procedure 37.[4] Accordingly, Plaintiffs' Motion in Limine to Exclude the

---

[4] Fed. R. Civ. P. 37(c)(1) states in pertinent part:
"Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

14

Testimony of Defendant's Expert David McIntosh is **DENIED**. Further, the Court finds that Mr. McIntosh's affidavit is based on sufficient knowledge, experience and observations and his opinions are relevant to the case at hand. Therefore, Plaintiffs' Motion to Strike Affidavits in Support of Defendant's Motion for Partial Summary Judgment [35] is **DENIED** as to the affidavit of David McIntosh. Further, Plaintiffs' Motion to Strike Affidavits Given in Support of Defendant's Response to Plaintiffs' Motion for Summary Judgment [43] is **DENIED** as to the affidavit of David McIntosh. Defendant will not be barred from utilizing such expert testimony.

### B.    Lidia Belu

Plaintiffs request that the Court exclude the affidavit of Lidia Belu from Defendant's Motion for Partial Summary Judgment [32] on the basis of untimely disclosure and relevance. (Dkt. No. [35].) Lidia Belu's affidavit pertains to her role as the business manager for Defendant Express Auto Transport, and the operation and maintenance of the trailer at issue in the case. (See *Affidavit of Lidia Belu* Exhibit A, Dkt. No. [32].) Plaintiffs contend that in violation of Federal Rule of Civil Procedure 26(a) and (e), Defendants did not disclose Ms. Belu in either its initial disclosures or in response to Plaintiffs'

15

interrogatory requests. (Id. at 4.) Plaintiffs also contend that Ms. Belu's testimony regarding the inspection of equipment and routine maintenance is irrelevant. (Id.)

Defendant admits that while it inadvertently failed to disclose Lidia Belu in Defendant's Initial or Supplemental Disclosures, she was disclosed in response to Plaintiffs' First Set of Interrogatories to Defendant. (*Defendant's Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendant* Exhibit A, Dkt. No. [40] at Interrogatory Nos. 5, 16, 17.) Accordingly, Ms. Belu was sufficiently disclosed such that Plaintiffs have not been prejudiced.

The Court finds that Lidia Belu's affidavit regarding the maintenance of the trailer is relevant at this time. Furthermore, Defendant properly disclosed Ms. Belu's identity. Accordingly, Plaintiffs' Motion to Strike Affidavits in Support of Defendant's Motion for Partial Summary Judgment [35] is **DENIED** as to the affidavit of Lidia Belu.

### C. Aron Belu and Dumitrascu D. Gheorghe

Plaintiffs further request that the Court strike the affidavits of Aron Belu and Dumitrascu D. Gheorghe in support of Defendant's Response to Plaintiffs'

16

Motion for Summary Judgment. (Dkt. No. [43].) Plaintiffs contend that although these two witnesses were listed in response to interrogatories, they were identified as fact witnesses regarding the damage caused by the fire and not the policies and procedures regarding the maintenance of the trailer at issue. (Id. at 9.) Plaintiffs argue that they have been prejudiced due to a lack of opportunity to depose the witnesses on their knowledge of the maintenance and inspection of the trailer.

In response, Defendant states that the affidavit of Aron Belu as to the maintenance of the vehicle became necessary in response to Plaintiffs' argument regarding the negligent condition of the trailer. (Dkt. No.[46] at 6.) As to Dumitrascu D. Gheorghe, Defendant argues that Plaintiffs have always had information regarding Gheorghe's role as the driver of the truck at the time of the incident and have not felt the need to depose him.

The Court finds that Plaintiffs have not demonstrated sufficient prejudice such that the affidavits should be stricken. Therefore Plaintiffs' Motion to Strike Affidavits Given in Support of Defendant's Response to Plaintiffs' Motion for Summary Judgment [43] is **DENIED** as to the affidavits of Aron Belu and Dumitrascu D. Gheorghe.

17

In conclusion, though the Court will not exclude the testimony of David McIntosh or Lidia Belu, in order to avoid prejudice to Plaintiffs as a result of the timing of the disclosure of these witnesses, Plaintiffs will have twenty (20) days from this Order's issue date within which to depose McIntosh and Lidia Belu. Further, Plaintiffs will have twenty (20) days from this Order's issue date within which to depose Aron Belu and Dumitrascu D. Gheorghe as to the limited issue of the inspection and maintenance of the trailer prior to the incident. Defendant will ensure that the witnesses are made available for depositions. Furthermore, within twenty (20) days after the completion of the deposition transcripts, Plaintiffs may file a supplemental response to Defendant's Motion for Partial Summary Judgment [32] and Defendant may file a supplemental response to Plaintiffs' Motion for Summary Judgment [33].[5] Supplemental reply briefs may be filed within ten (10) days of the filing of the supplemental responses.

### III. Motions for Summary Judgment and Partial Summary Judgment

Given the rulings above, the Court shall reserve ruling on Defendant's

---

[5] Given the Court's ruling above on Plaintiffs' Motion for Partial Judgment on the Pleadings, the supplemental responses shall only address the remaining issues before the Court.

18

Motion for Partial Summary Judgment [32] and Plaintiffs' Motion for Summary Judgment [33] until Plaintiffs have had an opportunity to conduct the depositions and the supplemental briefing has been completed.

## Conclusion

Plaintiffs' Motion to Dismiss [8-1] is **DENIED** and Motion for Partial Judgment on the Pleadings [8-2] is **GRANTED**.

Plaintiffs' Motion In Limine to Exclude the Testimony of Defendant's Expert Dave Brown and David McIntosh [29] is **DENIED**. Plaintiffs' Motion to Strike Affidavits in Support of Defendant's Motion for Partial Summary Judgment [35] is **DENIED**. Plaintiffs' Motion to Strike Affidavits Given in Support of Defendant's Response to Plaintiffs' Motion for Summary Judgment [43] is **DENIED**.

The Court **RESERVES RULING** on Defendant's Motion for Partial Summary Judgment [32] and Plaintiffs' Motion for Summary Judgment [33].

**SO ORDERED** this  28th  day of August, 2009.

_____
**RICHARD W. STORY**
United States District Judge

19