# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CERTAIN UNDERWRITERS AT : \
LLOYD'S, LONDON WHO : \
SUBSCRIBE TO CERTIFICATE : \
NOs. BDKU4616991/BCAN06026, : \
                                        : \
    Plaintiffs,               : \
                                        :   CIVIL ACTION NO. \
v.                                :   1:08-CV-2482-RWS \
                                        : \
ARON BELU, d/b/a EXPRESS AUTO : \
TRANSPORT,                : \
                                        : \
    Defendant.               :

## **ORDER**

This case comes before the Court on Defendant's Motion for Partial Summary Judgment [32], Plaintiffs' Motion for Summary Judgment [33] and Plaintiffs' Motion to Strike [61]. After a review of the record, the Court enters the following Order.

## I.   **Background**

Plaintiffs, Those Certain Underwriters at Lloyd's London Who Subscribe to Certificate Nos. BDKU061690/BCAN06026, initiated this Complaint arising from an insurance policy to provide Defendant Aron Belu d/b/a Express Auto

Transport ("Express Auto") with motor truck cargo coverage for the period of

January 8, 2007 through January 8, 2008 ("Policy").[1]

---

[1]The Policy coverage provides in relevant part:
INSURING AGREEMENT
    In consideration of the premium paid hereon and the particulars and statements contained in the written Proposal, a copy of which attaches hereto, which particulars and statements are warranted by she insured to be true and are agreed to be incorporated herein, the Underwriters hereby agree to indemnify the Insured, named in the schedule, for ALL RISKS OF PHYSICAL LOSS OR DAMAGE FROM AN EXTERNAL CAUSE t o lawful cargo in and/or on a truck whilst in the Insured's care, custody or control in the ordinary course of transit, including loading and unloading, within the contiguous states of USA, the District of Columbia and Canada . THIS INSURANCE BRING SUBJECT TO ALL THE PROVISIONS, EXCLUSIONS, DEFINITIONS, TERMS AND CONDITIONS CONTAINED IN THE FOLLOWING WORDING.
    ...

EXCLUSIONS
    This insurance does not insure the liability of the Insured for : -
e) Loss or damage caused by spoilage, contamination, deterioration, freezing, rusting, electrical and/or mechanical failure, and/or damage to refrigerated and/or temperature controlled cargo
    UNLESS CAUSED BY OR RESULTING FROM:
    1) Fire, lightning, or explosion-
    2) Accidental collision of the truck with any other vehicle or object
    3) Overturning of the truck
    4) Collapse of bridges or culverts
    5 ) Flood (meaning rise of streams or navigable water)
    6) Cyclone, tornado, hurricane or windstorm
    7) Theft
    8) Stranding, collision, burning, grounding or sinking of ferry while truck on board
    ...

GENERAL CONDITIONS

On December 5, 2007 an Express Auto Transport tractor trailer unit hauling a consolidated load of nine passenger vehicles caught fire. Plaintiffs allege that the fire originated on the rear wheel and hub assembly of the right rear trailer axle due to heat generated from a failed wheel bearing. The estimated value of the eight damaged vehicles was $244, 376.40. On May 5, 2008, a lawsuit was filed by Vu Le, one of the involved shippers, against Express Auto in the Superior Court of Orange County, California in which Vu Le sought to recover for damage to two (2) motor vehicles as a result of the fire

---

4) SPECIAL CONDITION - It is a condition precedent to Underwriters, liability under this policy that satisfactory references are obtained from reliable sources, checked and records kept in respect of all new employees engaged by the Insured after the inception date of this policy. The Insured shall take all reasonable precautions for the protection and safeguarding of the cargo and use such security devices as may be specified in the proposal form, and all vehicles, trailers, containers and security devices shall be maintained in good order. Such devices shall be used at all times and shall not be varied or withdrawn without written consent by the underwriters.

...

6) CO-INSURANCE - Underwriters shall not be liable for a greater proportion of any loss or damage to the total value of all merchandise than the amount of the applicable insurance bears to the total value at the time and place of the loss. This clause shall apply separately to merchandise in transit and at a terminal location.

...

17) VALUATION - The valuation of all goods and merchandise covered by this part shall not exceed the invoice value of that merchandise at the point of shipment on the date of loss, or if there is no invoice, then the valuation shall not exceed the actual cash value of that merchandise.

3

loss ("Vu Le Action"). Defendant subsequently contacted Plaintiffs requesting coverage under the Policy and a defense to the lawsuit.

On August 1, 2008, Plaintiffs filed the present suit seeking a declaratory judgment as to the listed causes of action. In Count I, Plaintiffs seek a declaration from the Court that there is no coverage owed and no duty to defend or indemnify Express Auto under the Policy.[2] Additionally, in Count II, Plaintiffs request that the Court declare that to the extent coverage is owed under the Policy as a result of the December 5, 2007 fire loss, Plaintiffs' liability for the cargo loss is limited to $237,500. Defendant filed a timely Counterclaim seeking recovery for attorneys' fees associated with the defense of the Vu Le Action, indemnification for the loss of the vehicles on December

---

[2] With respect to the duty to defend, the Policy provides in relevant part:
9) PRIVILEGE TO ADJUST WITH OWNER

In the event of loss or damage to property of others held by the insured for which claim is made upon the Underwriters the -right to adjust such loss or damage with the owner or owners of the property is reserved to the Underwriters and the receipt of such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the insured for which such payment has been made- If legal proceedings be taken to enforce a claim against the Insured as respects any such loss or damage, the Underwriters reserve the right at their option without expense to the Insured, to conduct and control the defense on behalf of and in the name of the Insured, No action of the Underwriters in such regard shall increase the liability of the Underwriters under this policy, nor increase the limits of liability specified in the policy.

4

5, 2007 in the amount of $244,376.40, and associated costs/ interest. (Dkt. No. [5] at 17.)

Plaintiffs seek summary judgment with respect to their duty to defend and indemnify Express Auto for the incurred losses [33].[3] Defendant seeks judgment on the issue of their entitlement to coverage under the stated Policy [32]. As the issues are intertwined, the Court shall address the Parties' motions simultaneously.

## II.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

---

[3]Subsequent to Plaintiff filing the present Motion for Summary Judgment, the Court ruled on Plaintiffs' Motion for Partial Judgment on the Pleadings [8], that Plaintiffs do not have a duty to defend Express Auto in any pending litigation arising from the event. (See Order dated August 28, 2009 [50].) Accordingly, Plaintiffs' Motion for Summary Judgment [33] on the issue of duty to defend is **DENIED as moot.**

5

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are

6

reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

### III.   Motions for Summary Judgment

The Court finds that there is without question an issue of fact concerning the cause of the loss. Plaintiffs argue that a mechanical failure in the wheel hub, likely due to negligent maintenance on the part of Express Auto, caused the fire which resulted in the monetary loss. Were this to be the case, the Court deems it likely that the loss would fall under Exclusion E of the Policy. On the other hand, Defendant contends that road debris of some sort likely caused a tire rupture which ignited the cargo. Under such theory, the loss may be covered by

7

the innumerate perils listed in Exclusion E. The Parties offer contrary evidence supporting their hypothesized positions regarding the cause of the loss.[4] This debate is so fundamental to the Court's analysis, that any attempts to construe the contractual agreement at this time would be futile. Further, given the undetermined nature of the cause of the accident, issues of material fact remain regarding whether the vehicle was properly maintained under the terms of Special Condition 4. (See Policy page 7.)

Despite this position, the Court does find that a reading of the Policy clearly indicates that Exclusion E is not limited to refrigerated cargo; rather that is simply the last item on the excluded coverage list. The Court declines to further interpret the contract until such time as the factual issues are resolved. Accordingly, the Parties' Motions for Summary Judgment [32 and 33] are **DENIED**.

## IV.   Plaintiffs' Motion to Strike [61]

Plaintiffs move to strike portions of Aron Belu's errata sheet on the grounds that it contradicts prior deposition testimony. (Dkt. No. [61].) Federal

---

[4] The Court has previously ruled that expert David McIntosh's testimony is admissible at this time. (See Order dated August 28, 2009 [50].)

Rule of Civil Procedure 30(e) allows a party to make changes as follows:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

Plaintiffs contend that Mr. Belu has violated Rule 30(e) by making substantive changes that contradict his previous deposition testimony. Plaintiffs recognize that there is a split of opinion among federal courts on whether contradictory substantive changes may be made pursuant to Rule 30(e). Plaintiffs urge the Court to follow a narrow interpretation of the Rule and disregard Mr. Belu's contradictory statements in the errata sheet. In response, Defendant argues that Mr. Belu's confusion during the deposition necessitated the corrections in the errata sheet and that such modifications are immaterial to the issue before the Court. The Court finds that Plaintiffs have not demonstrated that the challenged portions of the errata sheet should be stricken. Accordingly, Plaintiffs' Motion to Strike [61] is **DENIED**.

## V.    Conclusion

Based on the foregoing, Defendant's Motion for Partial Summary

Judgment [32] is **DENIED**, Plaintiffs' Motion for Summary Judgment [33] is **DENIED as moot** on the duty to defend and **DENIED** as to the duty to indemnify. Plaintiffs' Motion to Strike [61] is **DENIED**.

The Parties shall confer and submit a Proposed Pretrial Order within thirty (30) days of the entry of this Order.

**SO ORDERED**, this  17th  day of March, 2010.

_____
**RICHARD W. STORY**
United States District Judge